THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DAVID GOUDY, a/k/a David Turner or David Ward, Defendant-Appellant.

First District (4th Division) No. 61902

Opinion filed February 25, 1976.

James J. Doherty, Public Defender, of Chicago (Leonard V. Solomon, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and John T. Theis, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

The defendant, David Goudy, was charged with the offenses of theft of property valued in excess of $150 in violation of Section 16—1(a)(1) of the Illinois Criminal Code (Ill. Rev. Stat. 1973, ch. 38, §16—1(a)(1)) and unlawful possession of a motor vehicle in violation of section 4—103(a) of the Illinois Vehicle Code (Ill. Rev. Stat. 1973, ch. 95½, §4—103(a)). He was found guilty of both charges by a jury and was sentenced to concurrent sentences of three years and four months to ten years for theft, and one to three years for unlawful possession of a motor vehicle.

The issue presented for review is whether the defendant was proved guilty beyond a reasonable doubt.

At trial Fred Adams testified that on the morning of October 15, 1973, he drove his 1969 black and gold Buick Riviera from his home to 88th Street between Michigan and Wabash in the City of Chicago. He parked his car on the street, locked it, and took the elevated downtown to work.

Upon returning later in the day, he found his car was gone, and he reported the theft to the police.

On October 21, 1973, Fred Adams' son received a phone call from Edward Davies inquiring whether his car had been stolen. Davies then offered to return it in exchange for the $135 he had paid out on it. On the same day Davies and his brother-in-law, Kenneth Cobbs, delivered the car to Adams. Adams had informed the police of the Davies' phone call, and upon arrival at the Adams home both Davies and Cobbs were arrested and charged with possessing a stolen vehicle. Adams examined his car and stated it was in the same condition as when it was taken, except that the lock on the right door had been pulled.

Edward Davies testified he had known the defendant for approximately three months and had informed the defendant that he was in the market for a 1969 Buick Riviera. On October 15, 1973, Goudy appeared at Davies' home driving a 1969 gold and black Riviera. Goudy asked him if that was the type of car he was interested in purchasing, and Davies said it was and would like to discuss it further. When Goudy offered him a ride in the car, the lock on the right hand side of the car fell out. Goudy explained they had left the keys on the inside and had to take the lock out and get a key made to get inside.

On October 19, 1973, Davies went to Goudy's apartment and purchased the car for $800. He paid Goudy $100 down and $35 for license plates that Goudy was to pick up for him. He received a bill of sale in return. On the next day Goudy gave Davies an address in Ohio where he was to send the balance of the purchase price in weekly installments of $25.

On October 21, 1973, Davies found a repair receipt and a Marshall Field's credit union card with the name of Fred D. Adams, in the automobile. He then called the Adams house and inquired whether the car had been stolen. Davies and his brother-in-law then returned the car and asked help in getting his $135 back.

Davies also testified that on October 19, 1973, he saw the defendant driving a 1973 burgundy Grand Prix with Playboy bunny stickers over the lock and above the two front headlights. On November 2, 1973, the defendant drove the Grand Prix to Davies' home where Davies and Cobbs entered the car. Davies asked why the defendant had sold him a stolen car. Goudy said he knew Fred Adams and that Adams had sold the car to the company he was working for. Davies removed some license plates and some pieces of paper from the car which he turned over to the police. One of the pieces of paper was a passenger identification card in the name of Gerald F. Walton.

Gerald Walton testified that on October 2, 1973, he drove his 1973

burgundy Grand Prix to the vicinity of 951 South Columbus in Chicago, where he parked and locked his car and took his keys with him. When he returned, his car was gone. The next time he saw his car was in Cincinnati, Ohio, at the police auto pound. He noticed there was a Playboy bunny decal over the lock on the passenger side and there were several on the front by the lights. The decal on the side was holding the lock from falling out. After he drove the car back to Chicago, he observed Officer Hennings of the Chicago Police Department remove a map of Michigan from the glove box. The map had the name of Fred Adams on it.

The defendant was arrested in Cincinnati, and Officer Hennings transported him back to Chicago by plane. Hennings testified that after advising him of his rights, Goudy told him he sold a 1969 Buick to someone in Altgeldt Gardens, which is the neighborhood in which Davies lives, but got only part payment. He also stated he had a 1973 Pontiac, and that he had a person make keys for both of the cars.

The defendant testified in his own behalf he was living in Cincinnati, Ohio, and did not come back to Chicago until the beginning of November. He stated he got the 1973 Grand Prix from a person named Allen Fitzgerald. Although he knew Edward Davies on a casual basis, he testified he never sold him a 1969 Buick Riviera, and he never stole a 1973 Grand Prix. He also denied telling Officer Hennings that he had sold a 1969 Buick to someone in Altgeldt Gardens.

■■ The defendant contends he was not proven guilty beyond a reasonable doubt. He asserts the State produced only two witnesses implicating him, and that both of these witnesses, Edward Davies and Kenneth Cobbs, were unworthy of belief because they had been arrested for the same offenses.

It is the province of the trier of fact to judge the credibility of the witnesses, and in this case they obviously chose to believe Davies and Cobbs and to disbelieve the defendant. In addition, the testimony of Officer Hennings corroborates the testimony of Davies and Cobbs as does the fact that Fred Adams' map was found in the car the defendant was driving.

We believe there was ample evidence to sustain the jury verdict, and for these reasons the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

ADESKO and BURMAN, JJ., concur.